UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COWANS, DESMOND TURNER,
PETER LABRECK, TIMOTHY FRADENECK,
RYAN NEELY, and ALL OTHERS SO
SITUATED

                                 HON. TERRENCE G. BERG
                                 Case No. 15-12739

          Plaintiffs,

KYLE DUPRIS, ANTHONY WICKERSHAM,
AND MACOMB COUNTY SHERIFF'S
DEPARTMENT,

          Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

This is a civil rights case under 42 U.S.C. § 1983 brought by five individuals who, at the time the lawsuit was filed, were incarcerated at the Macomb County Jail.[1] Plaintiffs have also filed a joint application for leave to appeal in forma pauperis (Dkt. 2), noting that none of them have any money in their inmate account, but that one of them, Plaintiff LaBreck, has assets in the form of real estate. Plaintiffs are seeking to file this suit on behalf of themselves, and "all others so situated." The Court has reviewed the Complaint (Dkt. 1) and the relevant legal

---

[1] On October 21, 2015, three Plaintiffs filed a notice of change of address (Dkt. 7). This notice indicates that Plaintiff Cowans has been transferred to a prison in Jackson, Michigan, that Plaintiff LaBreck has been transferred to a prison in Hamtramck, Michigan, and that Plaintiff Jaworski is now apparently out of jail, and living at a home in Armada, Michigan. *Id.* It further appears that Plaintiff Cowans has been transferred again, since he notified the Court of his address change, and that he is now housed in a prison in Ionia, Michigan. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=962001 (last visited Oct. 28, 2015)

authorities, and concludes that the Complaint must be dismissed without prejudice and that in order to proceed, Plaintiffs should file individual Complaints.

## I. BACKGROUND FACTS

The Complaint names one Macomb County Deputy Sheriff, the Macomb County Sheriff, and the Macomb County Sheriff's Department as Defendants. The Complaint alleges that the Deputy Sheriff, Defendant Dupris, has threatened and harassed inmates confined in the mental health ward of the Macomb County Jail. It alleges that Defendant Sheriff, Anthony Wickersham, has failed to maintain adequate living conditions in both the jail and in the mental health ward in particular. The Complaint lists a number of reforms Plaintiffs would like to see implemented concerning how prisoners are treated in the Macomb County Jail's mental health unit, and it seeks $10,000,000 in damages.

## II. DISCUSSION

The Court recognizes that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Rule 20(a)(1) provides that: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Notwithstanding Rule 20(a)(1), however, there are significant practical problems with allowing several pro se prisoners to file a joint complaint. As another Judge in this district has noted, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (Borman, J.). When a group of prisoners is attempting to bring a pro se lawsuit jointly, several of the problems arise, including the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id*. Moreover, allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs." *Proctor*, 661 F. Supp. 2d at 780. Multiple-plaintiff pro se prisoner cases like these can also often create the risk that some prisoners may attempt to file pleadings on behalf of other plaintiffs without their consent. *Id*. An additional problem with multi-plaintiff litigation in the prisoner context is that "jail populations are notably transitory, making joint litigation difficult." *Id*.; *see also White v. Tennessee Bd. of Probation and Paroles*, No. 2007 WL 1309402 (W.D.Tenn. May 3, 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Other district courts have also pointed to the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42

U.S.C. § 1997e(a)." *Proctor*, 661 F. Supp. 2d at 780. Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id*.

Additionally, to the extent that Plaintiffs' Complaint is construed to request prospective injunctive relief, that is, seeking to order Macomb County to make systemic changes to its jail policies and procedures, such a claim is moot for several of the prisoners since they have been released or transferred to other facilities. *See Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir. 1996) (a prisoner's claim for declaratory and injunctive relief against certain prison officials became moot once the prisoner was transferred from the prison of which he complained to a different facility). This presents yet another reason why joinder is impracticable in this case.

The Court recognizes that misjoinder of parties is not normally sufficient to dismiss an action in its entirety, although misjoined parties can be dismissed from the action by the Court. *See Proctor*, 661 F.Supp.2d at 781 (citing Fed. R. Civ. P. 21) (additional citations omitted).  In this case, however, Plaintiffs do not merely seek to bring a claim jointly; rather, they appear to be attempting to file a class action on behalf of themselves and "all others so situated." The law is clear that class actions by pro se prisoners are disfavored because of the difficulties such plaintiffs have in adequately representing the interests of their class. *See, e.g., Spencer v. Bynum,* No. 13-13056, 2013 WL 4041870, at *2 (E.D. Mich. Aug. 8, 2013) (denying a request by the pro se prisoner plaintiffs to file a class action because none of the plaintiffs could adequately protect the interests of the class); citing *Heard v. Caruso*, 351 Fed.

Appx. 1, 15 (6th Cir. 2009); *Palasty v. Hawk*, 15 Fed. Appx. 197, 200 (6th Cir.2001); *Craig v. Cohn*, 80 F.Supp.2d 944, 956 (N.D.Ind.2000); *Caputo v. Fauver*, 800 F.Supp. 168, 169 (D.N.J.1992); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H.1988) (each holding that a prisoner proceeding pro se is incapable of representing the interests of his or her fellow inmates in a class action).  Given the difficulties involved in allowing this case to proceed as a class action, the Court believes that the best course of action would be to dismiss the Complaint without prejudice, and permit the individual plaintiffs to file individual complaints on their own behalf if they wish to do so.

As noted earlier, three of the five named Plaintiffs are no longer housed at the Macomb County Jail, making their claims for prospective injunctive relief moot. Plaintiff Cowans, who appears to be the "lead" Plaintiff that hand-wrote the pleadings, is among those Plaintiffs no longer housed at the Macomb County Jail. According to the records of the Michigan Department of Corrections that are available online, Plaintiff Cowans is now housed in a prison in Ionia, Michigan (located in the Western District of Michigan).  The fact that several of these Plaintiffs are no longer residing at the facility where the alleged mistreatment was occurring, and that they are now in separate prisons geographically distant from one another, are circumstances that make the joint prosecution of this case – particularly as a potential class action – highly impractical and counsel strongly in favor of dismissing this case without prejudice, and permitting each individual Plaintiff to file his own lawsuit.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE.** This means that each Plaintiff, should they wish to do so, may file an individual complaint on his own behalf. Because the Court is dismissing Plaintiffs' Complaint without prejudice, Plaintiffs' motion to amend (Dkt. 5) and motion for an injunction (Dkt. 6) are both **DENIED AS MOOT**.

**SO ORDERED**.

```
                                    s/Terrence G. Berg
                                    TERRENCE G. BERG
                                    UNITED STATES DISTRICT JUDGE
```
Dated: October 30, 2015

### Certificate of Service

I hereby certify that this Order was electronically submitted on October 30, 2015, using the CM/ECF system, which will send notification to each party.

```
                              By:   s/K. Winslow
                                    Case Manager Generalist
```